**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL J. SCALZI, | No. 13-15450 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01399-MMD-VCF |
| v. | |
| CITY OF NORTH LAS VEGAS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted March 13, 2015[**]
San Francisco, California

Before: NOONAN, W. FLETCHER, and CHRISTEN, Circuit Judges.

Michael Scalzi appeals the district court's grant of summary judgment to the

City of North Las Vegas in this lawsuit brought pursuant to Title VII of the Civil

Rights Act of 1964. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court's grant of summary judgment de novo, *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), we affirm.

Scalzi first argues that the district court erred in granting summary judgment to the City on his Title VII gender discrimination claim. We disagree. Although Scalzi made out a *prima facie* case of gender discrimination, the City articulated legitimate, nondiscriminatory reasons for not promoting him and then terminating him. Scalzi has not introduced evidence sufficient to "raise a genuine issue of material fact as to whether the [City's] proffered nondiscriminatory reason[s] [are] merely a pretext for discrimination." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). To the contrary, Scalzi's evidence confirms the City's account: it shows that the city manager hired Joyce Lira, not Scalzi, because he believed she shared his priorities for the city, and that Lira fired Scalzi because he repeatedly challenged those priorities, sometimes in inappropriate ways. The district court did not err in concluding that no reasonable jury could find that Scalzi was the victim of gender discrimination.

Scalzi also argues that the district court erred in granting summary judgment to the City on his claim that the City has violated section 281.645 of the Revised Statutes of Nevada, which requires localities to establish procedures for handling whistleblower claims. Again, we disagree. The district court correctly held that

2

section 281.645 does not provide for a private right of action to challenge a city's failure to establish these procedures. *See Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101 (Nev. 2008). The state statute "focus[es] on the [entity] regulated," the City, "rather than the individuals protected." *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001). It reveals no intent to create a private right of action.

**AFFIRMED.**